914

**WHITMER et al. v. ATCHISON, T. & S. F. RY. CO.**

No. 5100.

United States District Court
W. D. Missouri, W. D.

Dec. 28, 1948.

Stinson, Mag, Thomson, McEvers & Fizzell, by Albert Thomson, all of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Sawyer, Woodson & Righter, John H. Lathrop, Sam D. Parker, James F. Walsh and Donald H. Sharp, all of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The gravaman of the several motions to dismiss in the interventions relates to those counts wherein it is charged that by reason of repeated overflows caused by defendant's neglect, the market value of the real estate affected has depreciated. In these averments it is unnecessary under modern practice to have made more extensive allegations. If such be the fact, then the plaintiffs would be entitled to damages.

The motions to strike are based upon Section 1014, R.S.Mo.1939, Mo.R.S.A., relating to the general subject of "Limitations—Personal Actions * * *." The point is made that the several interventions claim damages for the years 1942 and 1943, whereas the five year statutory bar would prevent recovery. The records show that the interventions were filed on November 5, 1948. Whatever damages might accrue during the remainder of the year 1943 would not be barred. Moreover, at the trial of the case the court should properly deny the intervenors the right to make proof of any damages accruing after the statute began to run. Obviously damages accruing in 1942 would be barred. Counsel for the intervenors insist that this averment should remain as being helpful on the question of the injunction. Since no harm could come to the defendant by reason of the averments, as the law forbids proof of damages beyond five years, the motion should be overruled.

In view of the above, the several motions to dismiss and to strike should be and will be overruled.

On the question of consolidation, it is argued by the defendant that the original cause should be consolidated with the case of Hamilton Brothers, Inc., a Corporation v. the defendant (No. 5099) for the reason that the lands are adjoining and all are affected by the same flood waters. Since there are separate owners, it would require separate verdicts on the part of the jury in the matter of damages. Moreover, by the interventions it would appear that cause No. 5100 would be sufficiently complicated by having the

damages covered by the original action and the several interventions submitted to a jury. Insofar as the injunctions are concerned, these may all be heard at one time, and for the purposes of injunctions, the cases will be treated as consolidated. It seems proper that the law actions be tried first and from the evidence it can then be determined whether the injunctions should be granted.

The motion to consolidate will, in like manner, be overruled.